UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL BENETTI, f/k/a Michael Wiseley, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES MARSHAL SERVICE, in its official capacity, and TSHIKANA SCOTT, VERA JONES, MONICA MORRIS, AARON JOSEPH PRITZKAU, MICHAEL VAN SICKLE, and KELLY FATH, in their individual and official capacities, <br><br> Defendants. | 5:22-CV-05038-KES <br><br><br> ORDER GRANTING DEFENDANT UNITED STATES MARSHAL SERVICE'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR MONEY DAMAGES, VACATING, IN PART, 1915A SCREENING AND REINSTATING PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF |

Plaintiff, Michael Benetti f/k/a Michael Wiseley, commenced this pro se civil rights lawsuit under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Docket 1. When the action was commenced, Benetti was incarcerated at the Pennington County Jail awaiting sentencing on federal criminal charges. Docket 6 at 1, n.1. This court screened Benetti's complaint, dismissing it in part and directing service upon defendants in part. Docket 6. Benetti's Fifth Amendment due process claim for deliberate indifference to serious medical needs against the United States Marshals Service (USMS) and unnamed USMS Agents in their individual capacities survived screening. *Id.* at 15. The USMS moves to dismiss Benetti's claims

pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket 28. Benetti has not responded to the USMS's motion to dismiss. Benetti contends that he was not aware that he was required to respond and does not know how to respond. Docket 56 at 1. For the reasons set forth below, the USMS's motion to dismiss Benetti's individual capacity claim for money damages and injunctive relief (Docket 28) is granted and Benetti's claim for injunctive relief against the USMS and USMS agents in their official capacities is reinstated.

## FACTUAL BACKGROUND

The facts alleged in Benetti's complaint are: that Benetti broke his hand in August 2021 while in the custody of the USMS at the Pennington County Jail. Docket 1 at 4. Benetti alleges that the medical staff at the jail incorrectly wrapped his hand in a splint, which caused his hand to be crooked and deformed. *Id.* He claims that the USMS did not permit him to see a doctor until five weeks after he broke his hand. *Id.* By the time Benetti saw a doctor, he needed corrective surgery. *Id.* According to the complaint, the USMS has not approved medical appointments in a timely manner and has not approved the corrective surgery. *Id.* at 4–5.

Benetti alleges that his hand is deformed, and he has been in constant pain since August 2021, when he broke his hand. *Id.* at 4. He claims that his injury makes activities of daily living, including hygiene, difficult and awkward. *Id.* Benetti seeks money damages to compensate him for the pain, awkwardness, and embarrassment that he has suffered since he broke his

hand. *Id.* at 7. He also requests that the court order the USMS to treat and fix his hand. *See id.*

## DISCUSSION

### I.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the court must accept as true the factual allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). The pleaded facts must demonstrate a plausible claim, that is, one in which the pleader has shown more than an abstract "possibility" that the defendant has engaged in actionable misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While civil rights and pro se complaints must be liberally construed, *Erickson*, 551 U.S. at 94 (citations omitted), "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted).

### II.    Benetti's Claim for Money Damages Against the USMS

When screening Benetti's complaint, the court liberally construed Benetti's complaint to assert an individual capacity *Bivens* claim against the USMS.  Docket 6 at 9–11; Docket 24 at 2. Specifically, the court determined that "Benetti's deliberate indifference claim against the United States Marshals Service and the United States Marshals Service agents in their individual

3

capacities for money damages under *Bivens* and for injunctive relief is
sufficient to survive § 1915A screening." Docket 6 at 11 (footnote omitted).

"A *Bivens* claim is a cause of action brought directly under the United
States Constitution against a federal official acting in his or her individual
capacity for violations of constitutionally protected rights." *Buford v. Runyon*,
160 F.3d 1199, 1203 n.6 (8th Cir. 1998) (citing *Bivens*, 403 U.S. 388). "The
purpose of *Bivens* is to deter individual federal officers from committing
constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).
The United States Supreme Court has held that a *Bivens* cause of action for
damages against a federal agency is not cognizable. *F.D.I.C. v. Meyer*, 510 U.S.
471, 486 (1994). The Court reasoned that "[a]n extension of *Bivens* to agencies
of the Federal Government is not supported by the logic of *Bivens* itself." *Id.*
*Meyer* mandates that the court grant the USMS's motion to dismiss Benetti's
claim for money damages.

Benetti has moved for appointment of counsel for "multiple reasons."
Docket 56 at 1. He contends that he does not know how to respond to
defendants' motions to dismiss. *Id.* He also contends that he is "locked in [his]
cell 24 hours a day 7 days a week, except for about 15–20 minutes about two
times a week in which [he] must shower, make call[s], and put in request[s] to
prison staff, so [he] [has] no opportunity to study any law library [he] may
need[.]" *Id.* Benetti's motion for appointment remains pending. The court has
requested that defendants respond to Benetti's motion for appointment of
counsel and address the issue of his access to a law library or electronic

research database before ruling on the motion. Docket 58 at 3. The court has not received defendants' response. Although Benetti's motion for appointment of counsel is pending, it is appropriate to rule on the USMS's motion to dismiss. The motion to dismiss is based on controlling United States Supreme Court precedent. Even if the court grants Benetti's motion for appointment of counsel, there are no viable legal arguments that an attorney could present in opposition to the USMS's motion to dismiss Benetti's claim for monetary damages.

The individual defendants also move to dismiss Benetti's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket 50. Because the individual defendants submitted matters outside the pleadings in support of their Rule 12(b)(6) motion to dismiss, *see* Dockets 52–55, the court provided notice in accordance with Federal Rule of Civil Procedure 12(d) that it intends to treat the individual defendants' motion to dismiss (Docket 50) as a motion for summary judgment. Docket 58 at 3–4. The court also informed the parties that when it rules on Benetti's motion for appointment of counsel, the court will set a deadline for Benetti to file material in opposition to the individual defendants' motion to dismiss, which the court intends to treat as a motion for summary judgment. *Id.* at 4.

### III.   Benetti's claim for injunctive relief against the USMS

The USMS contends that Benetti's claim for injunctive relief should be dismissed because injunctive relief is not available against a defendant sued only in an individual capacity. Docket 29 at 5–6. The court agrees that Benetti

cannot pursue a claim for injunctive relief against the USMS in its individual capacity. *See Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief."); *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, *i.e.*, his official capacity."). But the court has reconsidered its screening order dismissing Benetti's official capacity claim for injunctive relief against the USMS and unknown United States Marshals Service agents. *See* Docket 6 at 14.

In its 1915A screening, the court dismissed without prejudice Benetti's official capacity claim against the USMS because of sovereign immunity. *Id.* at 8. Absent a waiver, sovereign immunity shields the federal government and its agencies from suit. *Meyer*, 510 U.S. at 475. As the court explained in its 1915A screening, "*Bivens* and its progeny do not waive sovereign immunity for actions against the United States[.]" Docket 6 at 8 (quoting *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982)). But the Administrative Procedures Act (APA) waives sovereign immunity for a federal agency in all actions seeking non-monetary relief.  Section 702 of APA provides in relevant part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a

court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States . . . .

5 U.S.C. § 702. This provision is an express congressional waiver of sovereign immunity. *Raz v. Lee*, 343 F.3d 936, 938 (8th Cir. 2003) (per curiam). The § 702 immunity waiver is not limited to cases that are brought under the APA challenging actions by administrative agencies. *Id.* (holding that § 702 of the APA "expressly waives sovereign immunity as to any action for nonmonetary relief brought against the United States." (citations omitted)); *see also Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1238–39 (10th Cir. 2005) (holding sovereign immunity does not bar an inmate from suing the Bureau of Prisons (BOP) for injunctive relief under 28 U.S.C. § 1331 for Eighth Amendment violations because the BOP is an agency within the meaning of the APA); *Camacho-Corona v. Douglas Cnty. Dep't of Corrs.*, 2012 WL 3112020, at *3, 2012 U.S. Dist. LEXIS 106278, at *8 (D. Neb. July 31, 2012) (recognizing that sovereign immunity does not bar a claim for injunctive relief against the USMS). That portion of the court's 1915A screening dismissing Benetti's claims for injunctive relief against the United States Marshals Service and unknown United States Marshals Service agents in their official capacities is vacated and these claims for injunctive relief are reinstated.[1]

---

[1] In his complaint, Benetti seeks an order directing the USMS to treat and fix his hand. Docket 1 at 7 ("I'd like my hand treated and fixed . . . as I've suffered painfully for 7 months now[.]"). The individual defendants filed a declaration in support of their motion to dismiss averring that Benetti underwent hand

There is a split of authority whether the *Bivens* doctrine permits a plaintiff to seek injunctive relief against a federal agency. *See,.e.g., Reuber v. United States*, 750 F.2d 1039, 1061 (D.C. Cir. 1985) (stating that injunctive relief is traditionally presumed available regardless of whether a plaintiff also may have a *Bivens* action for damages); *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002) (*Bivens* claims can be brought for violation of constitutional rights regardless of nature of relief sought); *Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) ("*Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action."); *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("*Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." (citations omitted)); *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities." (citation omitted)). The Eighth Circuit has not decided this issue. *See Archuleta v. Hedrick,* 365 F.3d 644, 647 (8th Cir. 2004) (concluding that it was unnecessary to decide whether a federal inmate could seek injunctive relief under *Bivens*). In this case, it is not necessary for the court to decide whether Benetti may pursue a *Bivens* claim for injunctive relief

---

surgery on June 29, 2022. Docket 52 ¶ 32. This court cannot consider matters outside of the pleadings without treating the USMS's Rule 12(b)(6) motion as a motion for summary judgment. *Casazza v. Kiser,* 313 F.3d 414, 417 (8th Cir. 2002). Thus, at this stage of the proceedings, the court will not consider whether Benetti's claim for injunctive relief may be moot.

against the USMS. Liberally construing Benetti's complaint, he seeks relief

under 28 U.S.C. § 1331. Docket 1 at 1. A plaintiff may seek injunctive relief

against federal agencies and federal officials under § 1331. *See Simmat*, 413

F.3d at 1231–32 (noting that a federal prisoner could seek "an injunction,

based on the federal courts' equity jurisdiction, to enforce the dictates of the

Eighth Amendment."); *Taylor v. Rice*, 2012 WL 246014, at *7, 2012 U.S. Dist.

LEXIS 8411, at *22–23 (D. Minn. Jan. 6, 2012) (stating that 28 U.S.C. § 1331

necessarily authorizes federal courts to grant injunctive relief to implement

their decisions, including injunctive relief to protect plaintiffs from

constitutional wrongdoing by federal officials). For these reasons, that portion

of the court's 1915A screening dismissing Benetti's claims for injunctive relief

against the United States Marshals Service and unknown United States

Marshals Service agents in their official capacities is vacated and these claims

for injunctive relief are reinstated.

Thus, it is ORDERED:

1. That the USMS's motion to dismiss (Docket 28) Benetti's individual capacity claims is granted.

2. That the portion of the court's 1915A screening dismissing Benetti's claim for injunctive relief against the USMS and unknown USMS agents in their official capacities is vacated and these claims for injunctive relief are reinstated.

3. That the USMS, Tshikana Scott, Vera Jones, Monica Morris, and Aaron Joseph Pritzkau must serve and file an answer or responsive

pleading to the reinstated claims for injunctive relief within 14 days of the date of this order.

4.    That the Clerk of Court shall provide a copy of this order to the United States Marshal Service to be served along with the completed summonses for Michael Van Sickle and Kelly Fath, the complaint (Docket 1) and the court's screening order (Docket 6).

Dated August 24, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE