UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL BENETTI, f/k/a Michael Wisely,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES MARSHAL SERVICE, in its official capacity, and TSHIKANA SCOTT, VERA JONES, MONICA MORRIS, AARON JOSEPH PRITZKAU, MICHAEL VAN SICKLE, and KELLY FATH, in their individual and official capacities,<br><br>Defendants. | 5:22-CV-05038-KES<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO RESCIND ORDER AND MOTION FOR APPOINTMENT OF COUNSEL |

Plaintiff, Michael Benetti f/k/a Michael Wisely, commenced this pro se civil rights lawsuit under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Docket 1. Benetti has filed two motions for appointment of counsel, which this court has denied. *See* Dockets 4; 6 at 13–14; 56; 72. By order dated August 24, 2023, the court granted the United States Marshal Service's motion to dismiss Benetti's claim for money damages and reinstated his claims for injunctive relief. Docket 65. Benetti now moves for an order rescinding the order dismissing Benetti's claim for money damages, appointing counsel, and permitting his counsel to "argue for money damages[.]"

Docket 76. For the reasons set forth below, Benetti's motion to rescind and motion for appointment of counsel are denied.

## I.     Benetti's Prior Motions to Appoint Counsel

Along with his complaint, Benetti filed a motion for appointment of counsel. Docket 4. When the court screened Benetti's complaint, dismissing it in part and directing service upon defendants in part, the court denied Benetti's motion for appointment of counsel. Docket 6 at 13–14. The court reasoned that Benetti's claims do not appear to be factually or legally complex and the court believed that Benetti could adequately present his claims at the time. *Id.* at 14. After the United States Marshal Service and the individual defendants filed motions to dismiss Benetti's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), *see* Dockets 28; 50, Benetti filed a second motion for appointment of counsel. Docket 56. In this motion, Benetti alleged that he is not aware of how to respond to defendants' motions to dismiss. *Id.* at 1. He alleged that he is "locked in [his] cell 24 hours a day 7 days a week, except for about 15–20 minutes about two times a week in which [he] must shower, make call[s], and put in request[s] to prison staff, so [he] [has] no opportunity to study any law library [he] may need[.]" *Id.* He also alleged that he has no money to buy postage to mail documents to the court and had to borrow a stamp to mail his motion for appointment of counsel. *Id.* The court requested that defendants submit a response to Benetti's motion for appointment of counsel specifically addressing the issue of his access to a law library or electronic research database. Docket 58 at 3.

When Benetti filed his second motion for appointment of counsel on March 27, 2023, he was incarcerated at the United States Penitentiary in Beaumont, Texas. Docket 56 at 2. According to defendants' response, Benetti has been incarcerated at the United States Penitentiary in Tucson, Arizona, since July 14, 2023. Docket 70 ¶ 2. From July 14, 2023, through August 20, 2023, Benetti was housed in general population and had access to an electronic law library through TRULINCS, an electronic system that allows inmates to access various computer applications, including the electronic law library. *Id.* ¶ 3. On August 20, 2023, Benetti was transferred to the Special Housing Unit (SHU). *Id.* ¶ 4. While in the SHU, Benetti does not have the same access to TRULINCS as he had in general population, but the facility has procedures in place to allow inmates in the SHU to access the electronic law library on request. *Id.* Benetti has been notified of the procedures for accessing the electronic law library while in the SHU, but he has not requested such access since being transferred to the SHU. *Id.* The court determined that defendants' response to Benetti's second motion for appointment of counsel establishes that any conditions that may have prohibited him from accessing a law library or electronic research databank at the previous facility where he was incarcerated are no longer present and denied Benetti's second motion for appointment of counsel. Docket 72 at 4.

## II. Benetti's Motion to Rescind

On August 24, 2023, the court granted the United States Marshal Service's motion to dismiss (Docket 28) and dismissed Benetti's claim for

money damages against the United States Marshal Service. Docket 65 at 3–4.

The court granted the United States Marshal Service's motion to dismiss

because the United States Supreme Court has held that a *Bivens* cause of

action for damages against a federal agency is not cognizable. *Id.* at 4 (citing

*F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)). Benetti argues that this order

should be rescinded because his second motion for appointment of counsel

was pending when the court granted the United States Marshal Service's

motion to dismiss Benetti's claim for money damages. Docket 76. Benetti

requests that the court appoint counsel for him and permit his counsel "to

argue for money damages" because he is not a lawyer, does not know what he

is doing, and believes money damages should be awarded. *Id.*

The court's order dismissing Benetti's claim for money damages against

the United States Marshal Service acknowledged that Benetti's second motion

for appointment of counsel was pending and that defendants had not yet

submitted a response addressing Benetti's access to a law library or electronic

research database. Docket 65 at 4–5. Although Benetti's second motion for

appointment of counsel remained pending, the court explained that it was

appropriate to rule on the motion to dismiss because the motion to dismiss is

based on controlling United States Supreme Court precedent. *Id.* at 5. Further,

defendants' response to Benetti's second motion for appointment of counsel

establishes that Benetti had been housed in the general population at the

United States Penitentiary in Tucson, Arizona, with access to an electronic law

library for more than a month before the court granted the United States

Marshal Service's motion to dismiss Benetti's claim for money damages. Docket 70 ¶¶ 2, 3. For these reasons, Benetti's motion to rescind the court's order dismissing his claim for money damages against the United States Marshal Service (Docket 76) is denied.

Benetti's motion to rescind (Docket 76) implies that the court has dismissed Benetti's claim for money damages against all defendants, but this is not correct. Four[1] of the individual defendants, Scott, Jones, Morris, and Pritzkau, moved to dismiss Benetti's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket 50. This motion remains pending. Because the defendants filed declarations in support of their Rule 12(b)(6) motion to dismiss, the court notified the parties, in accordance with Federal Rule of Civil Procedure 12(d), that the court intends the treat the individual defendants' motion to dismiss (Docket 50) as a motion for summary judgment. Docket 58 at 2–3. When the court denied Benetti's second motion for appointment of counsel, the court ordered Benetti to respond to the individual defendants' motion to dismiss (Docket 50), which the court intends to treat as a motion for summary judgment, no later than October 13, 2023. Docket 72 at 5.

---

[1] Defendants Faith and Van Sickle have been served, but they have not responded to Benetti's complaint. *See* Dockets 74; 75.

5

### III.   Benetti's Third Motion for Appointment of Counsel

The court construes Benetti's motion to rescind to include a renewed[2] motion for appointment of counsel. Benetti seeks counsel because he is not a lawyer and does not know what he is doing. Docket 76. When denying Benetti's previous motions for appointment of counsel, the court noted that his claims do not appear to be factually or legally complex. Docket 6 at 14; Docket 72 at 4. The court has held that Benetti's contention that he does not know how to respond to the individual defendants' motion to dismiss is not a reason to appoint counsel. Docket 72 at 4. Similarly, Benetti's contention that he is not a lawyer and does not know what he is doing is not a reason to appoint counsel. When the court denied Benetti's second motion for appointment of counsel, the court informed Benetti that his response should comply with Federal Rule of Civil Procedure 56 and the District of South Dakota's Local Rule 56.1 and attached copies of these rules to the order. *Id.* at 4–5. Finally, the court ordered that defendants' counsel notify the individual responsible for overseeing the daily operation of the SHU at the facility where Benetti is incarcerated of Benetti's deadline for submitting a response to the individual defendants' motion to dismiss so that any request for law library access Benetti may make can be prioritized accordingly. *Id.* at 5. For these reasons, Benetti's third motion for appointment of counsel (Docket 76) is denied, but the court extends the time for Benetti to respond to the individual defendants' motion to dismiss

---

[2] The court denied Benetti's second motion for appointment of counsel on September 6, 2023. Docket 72. Benetti's motion to rescind was filed on September 14, 2023. Docket 76.

(Docket 50), which the court intends to treat as a motion for summary judgment. The deadline for Benetti to respond to the individual defendants' motion to dismiss (Docket 50), which the court intends to treat as a motion for summary judgment, is extended until **October 27, 2023**. Benetti's response should comply with Federal Rule of Civil Procedure 56 and D.S.D. Civ. LR 56.1.

Thus, it is ORDERED:

1.   That Benetti's motion to rescind (Docket 76) is denied.

2.   That Benetti's third motion for appointment of counsel (Docket 76) is denied.

3.   That Benetti must submit a response to the individual defendants' motion to dismiss (Docket 50), which the court intends to treat as a motion for summary judgment, no later than **October 27, 2023**.

Dated October 5, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

7